UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYREE CREER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00152-TWP-TAB |
| | ) |
| OCHELTREE, Sgt., RICHARDSON, Ofc., and DUGGER, Ofc., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on a Motion for Partial Summary Judgment filed by Defendants Kyle Ocheltree ("Sergeant Ocheltree"), Aaron Richards[1] ("Officer Richards"), and Nathan Dugger ("Officer Dugger") (collectively, "the Defendants") (Dkt. 49). Plaintiff Tyree Creer ("Mr. Creer"), an Indiana inmate, brought this action under 42 U.S.C. § 1983 alleging that Defendant Dugger applied excessive force against him in violation of his Eighth Amendment rights and destroyed his mail in violation of his First Amendment rights. Mr. Creer's Complaint also alleged that Defendants Richardson and Ocheltree were deliberately indifferent to his need for medical attention after the excessive force incident in violation of his Eighth Amendment rights. (Dkt. 1.) The Defendants have moved for summary judgment on all of Mr. Creer's claims except for his excessive force claim against Defendant Dugger. (Dkt. 49.)[2] For the reasons

---

[1] The Court notes that pursuant to the Answer to the Complaint (Dkt. 19) filed by the Defendants, this Defendant was misnamed in the caption of the Complaint; Defendant's surname is actually Richards, not Richardson. The Defendant will be referred to in this Order by his correct name.

[2] Mr. Creer filed his Response in opposition to the Motion and the Defendants replied. (Dkt. 53; Dkt. 54.) Mr. Creer then filed a Surreply. (Dkt. 57.) Local Rule 56-1(d) permits a surreply if the reply cites new evidence or objects to the admissibility of the evidence cited in the response. The Defendants' reply did not cite new evidence and Mr. Creer's response cited no evidence to which the Defendants could have objected. Thus, the Court has not considered Mr. Creer's Surreply.

discussed in this Order, the Defendants' Motion for Partial Summary Judgment, (Dkt. 49), is **granted** as to Mr. Creer's deliberate indifference claims against Defendants Richardson and Ocheltree and **denied** as to Mr. Creer's First Amendment claim against Defendant Dugger.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable

jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II. FACTS AND BACKGROUND

At the times relevant to the Complaint, Mr. Creer was housed at Wabash Valley Correctional Facility ("WVCF"). Defendants are correctional officers at WVCF.

On September 10, 2019, sometime between 5:00 p.m. and 6:00 p.m., Mr. Creer was removed from his cell for approximately 10-20 minutes while his cell was searched. (Dkt. 51-1 at 12-15.) The water to Creer's cell had been turned off. As the Defendants returned Mr. Creer to his cell, his mailbag became stuck in his door. *Id*. at 15-16; 21. Officer Dugger pulled the mailbag out of the door, destroying two of Mr. Creer's letters. *Id*. at 15-16. When Mr. Creer attempted to see how badly his mail was damaged, Officer Dugger slammed him into the wall. *Id*. at 20-22. Mr. Creer testified during his deposition that he has video evidence of Officer Dugger throwing some of his mail in the trash at 5:55 p.m. *Id*. at 17, 18.

After Mr. Creer was secured in his cell, Sergeant Ocheltree cut Mr. Creer through his food port.[3] *Id*. at 25. Because Mr. Creer had no water in his cell, he could not clean up his wound. *Id*. at 24. At 6:23 p.m., Mr. Creer was taken from his cell to receive medical treatment for his wound including Neosporin and dressings. *Id*. at 27. He also suffered a knot on his head and complained of chest pain. *Id*. at 33; Dkt. 51-2 at 1.

---

[3] Mr. Creer's Complaint does not directly identify which Defendant cut him. When screening the Complaint, the Court construed Mr. Creer's factual allegation to be that Officer Dugger had cut him. The Court allowed an excessive force claim to proceed against Officer Dugger based on Mr. Creer's allegations that Officer Dugger had slammed him into a wall and cut him. There is no excessive force claim proceeding against Sergeant Ocheltree. Mr. Creer was given an opportunity to notify the Court if the Court misidentified any of his claims at screening. (Dkt. 10.) Mr. Creer did not notify the Court of an excessive force claim against Sergeant Ocheltree and the deadline to amend his complaint has passed. Officer Dugger has not moved for summary judgment on the excessive force claim against him. Therefore, that claim shall proceed based on Mr. Creer's allegation that Officer Dugger slammed him into the wall.

Mr. Creer was returned to his cell after receiving medical treatment. He asked to have his water turned on but was ignored. *Id*. at 28. He went over four hours without water which he needed for basic needs such as using the restroom and taking medications. *Id*. at 28-31.

Two of Mr. Creer's letters were never returned to him. *Id*. at 31. When he asked about it, he was ignored or laughed at. *Id*. at 17-18. His wounds were again treated by medical staff days after the incident. *Id*. at 35.

### III. ANALYSIS

#### A. First Amendment Claim Against Officer Dugger

Officer Dugger argues that he is entitled to summary judgment on Mr. Creer's First Amendment claim because Mr. Creer has failed to show a causal link between any First Amendment activity by Mr. Creer and Officer Dugger's destruction of Mr. Creer's mail. But Officer Dugger's argument misconstrues Mr. Creer's claim as a retaliation claim. Mr. Creer's Complaint did not allege retaliation and the Court allowed his claim to proceed on the theory that Officer Dugger destroyed Mr. Creer's mail in violation of the First Amendment.

Restrictions on an inmate's speech—such as throwing away his mail—violate the First Amendment when they are not "reasonably related to legitimate penological interests." *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir.2004). Determining whether a speech restriction is "reasonably related to legitimate penological interests" requires courts to analyze the factors set forth in *Turner v. Safley*, 482 U.S. 78, 89–91 (1987), which include: (1) whether there is a "valid, rational connection" between the restriction and a legitimate governmental interest; (2) whether the prisoner has alternative means for exercising the alleged constitutional right at issue; (3) what impact accommodation of the prisoner's rights will have on prison administration; and (4) whether

4

there are other ways that prison officials can achieve the same goals without encroaching on the prisoner's rights.

The Court need not analyze the *Turner* factors because Officer Dugger has not put forth any reason for throwing away Mr. Creer's mail. Instead, he disputes Mr. Creer's assertion that any of his personal mail was thrown away. (Dkt. 51-3 2 ("[T]o the best of Dugger's personal knowledge, no personal mail was destroyed.").)

Officer Dugger is not entitled to summary judgment on this claim because the following material facts are in dispute: 1) whether Officer Dugger destroyed or discarded Mr. Creer's personal mail, and 2) whether that destruction was reasonably related to legitimate penological interests.

B.  **Eighth Amendment Claim Against Sergeant Ocheltree and Officer Richards**

Mr. Creer's Complaint alleged that defendants Sergeant Ocheltree and Officer Richards left him bleeding in a cell without water and delayed his access to medical care in violation of the Eighth Amendment. At all times relevant to Mr. Creer's claim, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate

5

indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). "A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

The Defendants dispute that Mr. Creer's injuries constitute an objectively serious medical condition.

> An objectively serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.

*Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (internal citations omitted).

Medical records indicate that Mr. Creer complained of chest pain and a small laceration on his left hip. (Dkt. 51-2 at 1.) The wound required basic first aid treatment. (Dkt. 51-1 at 27.) A lay person would perceive that chest pain often requires a doctor's attention. Therefore, there is a factual dispute as to whether Mr. Creer suffered from an objectively serious medical condition. For the purposes of summary judgment, the Court assumes that Mr. Creer's injuries constituted an objectively serious medical condition.

The Court next considers whether Sergeant Ocheltree and Officer Richards were deliberately indifferent to Mr. Creer's condition. Mr. Creer contends that he was left without access to water to clean his wound until he was taken for medical treatment. The record shows that Richards and Ocheltree escorted Creer from his cell to receive medical treatment at 6:23 pm.

6

(Dkt. 51-1 at 27.) Creer argues that he waited 20-25 minutes between being injured and having his injury treated. (Dkt. 53 at 3-4.)

To show that a delay in providing treatment is actionable under the Eighth Amendment, a plaintiff must provide independent evidence that the delay exacerbated the injury or unnecessarily prolonged pain. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016), *as amended* (Aug. 25, 2016). The care Mr. Creer received was prompt if not immediate. His injuries did not require emergent care. There is no evidence that the slight delay exacerbated Mr. Creer's injury or unnecessarily prolonged his pain.

Mr. Creer's deliberate indifference claim also alleged that he was left without water to clean his wounds for hours. But the record reveals that he received prompt treatment of his wound. He was without water for several hours after he received medical treatment, but there is no evidence that he needed to clean his wounds or take medication during those hours.

To the extent these facts could be construed to support a conditions of confinement claim, no such claim is proceeding in this action and Mr. Creer has not shown good cause to add a claim to this suit now. Furthermore, being without water for four to five hours does not rise to the level of a constitutional violation. "According to the Supreme Court, … 'extreme deprivations are required to make out a conditions-of-confinement claim.'" *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The record contains no evidence that Creer suffered an extreme deprivation.

For these reasons, Officer Richards and Sergeant Ocheltree are entitled to summary judgment.

C. **Qualified Immunity**

The Court does not address Officer Richards' and Sergeant Ocheltree's qualified immunity argument because Mr. Creer suffered no constitutional violation. The Court does not address

7

Officer Dugger's qualified immunity argument because it reflects Officer Dugger's misunderstanding of Mr. Creer's First Amendment claim as a claim based on retaliation rather than based on the destruction or throwing away of Mr. Creer's personal mail.

### IV. CONCLUSION

The Defendants' Motion for Partial Summary Judgment, (Dkt. [49]), is **GRANTED** as to Mr. Creer's deliberate indifference claims against Officer Richards and Sergeant Ocheltree and **DENIED** as to Mr. Creer's First Amendment claim against Officer Dugger.

The **Clerk is directed** to terminate Officer Richards and Sergeant Ocheltree as defendants on the docket. No partial final judgment shall issue at this time.

The claims proceeding in this action are Mr. Creer's Eighth Amendment and First Amendment claims against Officer Dugger.

The Court is attempting to recruit counsel to represent Mr. Creer for the settlement and trial phases of this action. (*See* Dkt. 58.) The Magistrate Judge is requested to set a status conference after counsel is appointed.

**SO ORDERED.**

Date: 6/18/2021

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Tyree Creer, #231183
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana  46391

Bryan Findley
INDIANA ATTORNEY GENERAL'S OFFICE
bfindley@cassiday.com

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL'S OFFICE
tom.flynn@atg.in.gov

Magistrate Judge Tim A. Baker